IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JOHN GEE WASHAM, # 1873275, | § | |
| | § | |
| Petitioner, | § | |
| | § | CIVIL ACTION NO. 6:16-CV-01081-RC |
| v. | § | |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This above entitled and numbered civil action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. On February 13, 2019, the Magistrate Judge issued his Report and Recommendation (Doc. No. 18), recommending that the Petitioner's application for the writ of habeas corpus be dismissed with prejudice and Petitioner John Gee Washam ("Petitioner") be denied a certificate of appeal *sua sponte*. Petitioner, proceeding *pro se* and *in forma pauperis*, filed Objections (Doc. No. 25) to the Report and Recommendation. The Court reviews *de novo* the portions of the Magistrate Judge's findings to which objections have been raised. 28 U.S.C. § 636(b)(1). Having reviewed the Magistrate Judge's findings and Plaintiff's objections, the Court **OVERRULES** Plaintiff's Objections (Doc. No. 25) and **ADOPTS** the Magistrate Judge's Report and Recommendation (Doc. No. 18) as the findings of the Court.

## STANDARD OF REVIEW

The Court reviews objected-to portions of the Magistrate Judge's Report and Recommendation *de novo*. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) ("A judge of the court

1

shall make a *de novo* determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). A court conducting a *de novo* review examines the entire record and makes an independent assessment under the law. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**DISCUSSION**

In his petition for a writ of habeas corpus, Petitioner seeks to challenge his Texas state court conviction for evading arrest or detention pursuant to Texas Penal Code § 38.04. Petitioner raises three grounds of error in his Petition: (1) violation of Petitioner's Fifth Amendment rights by failing to provide a *Miranda* warning; (2) failure of the State to introduce facts sufficient to prove the deadly weapon enhancement to Petitioner's charge; and (3) violation of Petitioner's due process rights due to prosecutorial misconduct and misrepresentations. (Doc. No. 1, at 6–7.) In his Report and Recommendation, the Magistrate Judge found that Petitioner failed to show that the state court's adjudication of his claims resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law, as determined by the United States Supreme Court, or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, the Magistrate Judge recommended that the petition for a writ of habeas corpus be dismissed. (Doc. No. 18.)

Petitioner's first ground of error focuses on a confession statement he provided to police officers. As summarized by the Magistrate Judge, police officers encouraged Petitioner to voluntarily travel to the police station and provide a statement to officers. Unbeknownst to

Petitioner, police officers had obtained an arrest warrant for Petitioner and arrested Petitioner in the lobby of the police station immediately after his voluntary meeting with police. In his objections, Petitioner argues he was, "under arrest as soon as he walked into the police building, cause [sic] their computers, bulletin and active warrants were in affect [sic] at the am hour of that day." (Doc. No. 25, at 2.) Accordingly, Petitioner argues he was entitled to a *Miranda* warning and counsel.

The original petition focuses on Petitioner's Fifth Amendment right against self-incrimination. (Doc. No. 1, at 6–7.) As the Magistrate Judge correctly noted, a Fifth Amendment right against self-incrimination and a requirement to provide a *Miranda* warning only attaches where, "an individual is in custody." *Miranda v. Arizona*, 384 U.S. 436, 478 (1966). A *Miranda* warning is not required in the case of voluntary confessions. *Id.* Police officers may make use of "strategic deception" or trickery to produce a voluntary statement, so long as such ploys do not rise to, "the level of compulsion or coercion to speak." *Illinois v. Perkins*, 496 U.S. 292, 297 (1990). Here, Petitioner voluntarily traveled to the police station and met with police officers. The presence of compulsion or coercion ordinarily incident to when a person is in custody is not found in the instant case. Rather, the record reveals police officers made use of strategic deception and investigatory techniques in order to produce a voluntary statement. Therefore, law enforcement officers did not violate Petitioner's Fifth Amendment right against self-incrimination.

Petitioner's objections focus upon his Sixth Amendment right to counsel and the *Massiah*[1] Rule. (Doc. No. 25, at 2–4.) Petitioner's arguments are untimely and unexhausted. Both Petitioner's federal habeas petition and state habeas application were directed toward alleged violations of Petitioner's Fifth Amendment right against self-incrimination. (Doc. No. 1,

---
[1] *Massiah v. United States*, 377 U.S. 201 (1964).

at 6–7; Doc. No. 14-17, at 1–34.) Petitioner raises his Sixth Amendment right to counsel arguments for the first time in objections to the Magistrate Judge's Report. Accordingly, Petitioner's Sixth Amendment arguments are untimely and unexhausted.

Petitioner further argues that the Magistrate Judge erred in denying Petitioner's second ground of alleged error because the State failed to prove that Petitioner "used" a deadly weapon, specifically a motor vehicle, in the commission of the charged offense. (Doc. No. 25, at 4.) Specifically, Petitioner argues that the State cannot meet their burden of proving that Petitioner "used" a deadly weapon because they never produced a victim at trial. Petitioner cites to *Ex parte Petty*[2] to support his claims. Facts presented at trial support a determination that Petitioner used a deadly weapon, namely a motor vehicle, in furtherance of his offense, namely to evade police. As the Magistrate Judge noted, there is no constitutional right to confront a victim of a crime at trial. *United States v. Santos*, 589 F.3d 759, 763 n.2 (5th Cir. 2009).

Accordingly, the Court finds that the Magistrate Judge appropriately recommended that the above-styled application for the writ of habeas corpus be dismissed.

## CONCLUSION

Having made a *de novo* review of the Report and Recommendation (Doc. No. 18), the Court finds, that Plaintiff's Objections (Doc. No. 25) should be **OVERRULED** and the Magistrate Judge's Report (Doc. No. 18) should be **ADOPTED**. The application for the writ of habeas corpus is **DISMISSED WITH PREJUDICE**. The Court **FURTHER ORDERS** that Petitioner Washam be **DENIED** a certificate of appeal *sua sponte*.
So **ORDERED** and **SIGNED** April 21, 2019.

_____
Ron Clark, Senior District Judge

---

[2] *Ex parte Petty*, 833 S.W.2d 145, 145 (Tex. Crim. App. 1992), *abrogated on other grounds by Ex parte Nelson*, 137 S.W.3d 666 (Tex. Crim. App. 2004) (distinguishing "use" from mere possession in the context of a deadly weapon finding).